IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>JAVONTAE TYREE STREET, )<br>)<br>Defendant. ) | 1:17-CR-246-1 |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion to Reduce Sentence re Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 56.) The Government filed a Response opposing Defendant's motion. (ECF No. 61.) The Court, having considered the arguments of the parties as set forth below, finds Defendant has failed to show an extraordinary and compelling reason for a sentence reduction and the factors under 18 U.S.C. § 3553(a) counsel against a reduction. Accordingly, Defendant's Motion to Reduce Sentence re Compassionate Release, (ECF No. 56), will be denied.

**I. BACKGROUND**

On October 5, 2017, Defendant pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). He was sentenced by the Court as an armed career criminal to 180 months of imprisonment, to run consecutively to an

undischarged term of imprisonment. (Minute Entry of 10/05/2017; ECF No. 31 at 1-2.) Defendant is 29 years old and has a projected release date of December 30, 2030.[1]

## II. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) an extraordinary and compelling reason exists to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024)*; United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). Relief under section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant indicates he filed an administrative request for compassionate release in October of 2024, (ECF No. 56-1 at 56), and the Government does not contest exhaustion. (ECF No. 61 at 5 n. 2.) Therefore, the Court will proceed to the merits of Defendant's motion. *See United States v. Muhammad*, 16 F.4th 126, 130-31 (4th Cir. 2021.)

---

[1] Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Nov. 3, 2025) (enter "33968-057" in BOP Register Number field).

2

A.  **Arguments of the Parties**

Defendant argues that he should be granted compassionate release for the following reasons: (1) his grandmother is sick and requires someone to help care for her, (ECF No. 56 at 1-6); (2) his young age at the time of the offense and the "changed views of relative youth and culpability" (*id.* at 6-8); (3) his traumatic childhood (*id.* at 9-14); (4) his efforts towards rehabilitation (*id.* at 14-15); (5) so he can be present for his six-year-old son (*id.* at 15); (6) he is not certain he was appropriately determined to be an Armed Career Criminal (*id.* at 17-18); (7) Section 922(g) is unconstitutional (*id.* at 18-19); and (8) the prison environment is having a negative impact on his physical, mental, and emotional health. (*Id.* at 19-24).

The Government opposes the motion. (ECF No. 61.) The Government argues that Defendant has taken a "'kitchen-sink' approach" to the compassionate release motion by relying on so many reasons, nevertheless he fails to show an extraordinary and compelling reason for a reduction. (*Id.* at 2.) The Government also argues that the § 3553(a) sentencing factors do not support granting release. (*Id.* at 4.)

B.  **Extraordinary and Compelling Reasons**

1.  <u>Family Circumstances</u>

Defendant argues that the Court should grant a reduction of sentence because his grandmother is sick and needs his help. (ECF No. 56 at 1-6.) Defendant also argues that his family circumstances warrant a reduction because he wants to be present for his six-year-old son who is being raised by a single mother. (*Id.* at 15.)

With respect to family circumstances, the Sentencing Commission policy guidelines recognize an extraordinary and compelling circumstance may exist from the incapacitation of a parent "when the defendant would be the only available caregiver for the parent." U.S.S.G.

3

§ 1B1.13(b)(3)(C). With respect to a defendant's child, a defendant needs to show "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child is 18 years of age or older and incapable of self-care." U.S.S.G. § 1B1.13(b)(3)(A).

According to the Defendant his grandmother, who has been diagnosed with multiple myeloma, has had several hospitalizations, suffers from a weak heart and arthritis, and suffers from other physical limitations as she ages, and therefore needs help at home. (ECF No. 56 at 1-6.) However, nothing before the Court suggests that Defendant is the only available caregiver. Defendant asserts that there are several family members who have taken advantage of his grandmother, and therefore, are not ideal caregivers. Defendant also, however, refers to other family members including his mother, who is his grandmother's daughter, and Defendant's adult brother as potential caregivers.[2] (*Id.* at 4-5.) Defendant suggests that it is a hardship or a burden for these family members to provide care and that he would be a better caregiver. The Court appreciates that Defendant wants to help provide care, but the information before the Court precludes a finding that Defendant is the only available caregiver for his grandmother.

In addition, Defendant is unable to show that his desire to be present for his son supports granting a reduction. Defendant's statements establish that his son is being cared for by the boy's mother, and there is no indication that she is no longer able to do so. (*Id.* at 15.)

Accordingly, Defendant has failed to establish an extraordinary and compelling reason for a reduction in sentence based on any of his family circumstances.

---

[2] He also acknowledges that his grandmother has an in-home aide who assists for four hours a day. (*Id.* at 5.)

### 2. Young Age at the Time of the Offense and Traumatic Childhood

The Court next considers Defendant's arguments that factors such as his young age at the time of the offense, the shifting understanding of a young person's brain, and his traumatic childhood support a reduction of sentence. The sentencing policy guidelines do not specifically address these factors, but include a catchall provision that an extraordinary and compelling reason may exist when a defendant "presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reason described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4). U.S.S.G. § 1B1.13(b)(5).

The Fourth Circuit has recognized youth at the time of the offense as a factor favoring a reduction of sentence when combined with a substantial sentence or other factors. *See United States v. McKoy*, 981 F.3d 271, 286 (4th Cir. 2020) (recognizing the unusually long sentence, gross disparity between sentence imposed and what would be imposed under current law, and individual factors including youth supported compassionate release). Defendant was only 20 at the time he committed the instant offense, however, Defendant has presented little beyond his young age that would favor his request for a reduction. Defendant has not alleged a change in the law that would impact his case if he was sentenced today. Moreover, at the time of sentencing, the Court was aware of Defendant's youth and difficult upbringing. (*See*, *e.g.*, ECF No. 41 at 6, 9-11.) As noted above, § 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in limited circumstances as guided by the Sentencing Commission. *Dillon*, 560 U.S. at 825. The Court unfortunately sees youthful offenders far too often, however Defendant has failed to establish that his young age at the time of the offense

or difficult upbringing, without more, establish an extraordinary and compelling reason to grant a reduction in sentence.

3. <u>Rehabilitation</u>

Defendant asserts that his "good faith effort of rehabilitation" supports a reduction of his sentence. (ECF No. 56 at 1.) The Court may consider rehabilitation "in combination with other circumstances in determining whether and to what extent" a sentence reduction is warranted, but rehabilitation "is not, by itself, an extraordinary and compelling reason" for release. U.S.S.G. § 1B1.13(d). Defendant notes he has obtained his GED, completed the Resolve Program, taken numerous BOP courses, and completed vocational training that will help him get a job when he is released. (*Id.* at 14.) He also indicates he has maintained a job in prison for the last several years. (*Id.*) Documents submitted by Defendant and the Government confirm these steps towards rehabilitation. (ECF Nos. 56-1, 61-3.)

While the Court commends Defendant's good efforts, they do not rise to the level of an extraordinary and compelling reason for relief. Good behavior and efforts toward rehabilitation are expected of an inmate. *See United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are *supposed* to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary."); *see also McCain*, 2023 WL 7385546, at *8 (finding no extraordinary and compelling reasons where defendant showed rehabilitation but made no other successful arguments in favor of release). Moreover, the evidence of Defendant's positive behavior is somewhat diminished by four disciplinary infractions incurred while he was incarcerated. (ECF No. 61-4 at 1.) Accordingly, Defendant

has failed to establish an extraordinary and compelling reason for a reduction based on his post-conviction efforts towards rehabilitation.

4. Armed Career Criminal Status

Defendant asks the Court to consider arguments surrounding his status as an armed career criminal. (ECF No. 56 at 17.) Defendant acknowledges that challenges to his sentence should have been brought in a § 2255 motion and he is now time-barred from doing so but asks the Court to consider his argument because he has exhausted his post-convictions remedies. (*Id.*) With respect to this claim, Defendant states that he does not understand how multiple breaking and entering convictions from a single day could be relied upon to support the ACCA enhancement and argues that his prior state convictions are non-violent. (*Id.* at 15, 17.) Defendant is correct that this argument, which attacks the validity of his sentence by challenging the predicate offenses underlying his ACCA enhancement, is an attack on his sentence and not properly before the Court in a motion for compassionate release. *See United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022). Moreover, Defendant raised arguments on direct appeal attacking the predicate offenses underlying his ACCA enhancement and the Fourth Circuit rejected his arguments and affirmed the judgment of this Court. *See United States v. Street*, Case No. 18-4279 (4th Cir. Feb. 19, 2019). Consequently, Defendant is unable to show he should be granted compassionate release on this basis.

5. Defendant's Health

Defendant also asks the Court to consider his physical, mental, and emotional health. (ECF No. 56 at 19). He states that he has been incarcerated since 2017, and the prison environment and conditions of confinement have exposed him to many negative events which have taken a toll on his health. (*Id.* at 19-23.) He indicates he has been diagnosed with "PTSD,

7

anxiety, and depression." (*Id.* at 19-20.) He complains about the general understaffing of BOP facilities and asserts that it creates issues "detrimental to an inmate's rehabilitation, health, and safety." (*Id.*)

The Sentencing Commission policy advises a defendant's medical circumstances may establish an extraordinary and compelling circumstance when:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
>> (i) suffering from a serious physical or medical condition,
>>
>> (ii) suffering from a serious functional or cognitive impairment, or
>>
>> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1) (A-C).

To the extent Defendant is relying on health conditions such as depression, anxiety, and difficulty sleeping generally, he fails to show an extraordinary and compelling circumstance that supports relief. Defendant does not allege that he is terminally ill or suffering from a mental or physical condition that renders him unable to care for himself or which requires specialized care not available in the BOP facility. The Court recognizes that prison conditions present a less-than-ideal living environment and can be challenging. However, these conditions are not unique to Defendant, and his claims do not establish an

8

extraordinary and compelling reason for compassionate release. Furthermore, to the extent Defendant may be asserting that the poor prison conditions themselves are a basis for relief, arguments attacking the conditions of confinement are not properly raised in a motion for compassionate release under 18 U.S.C. § 3582. *See, e.g.*, *United States v. Cooper*, Case No. 2:16-CR-00022, 2024 WL 2095945, at *2 (S.D. W.Va. May 9, 2024).

6. Attack on § 922(g) as Unconstitutional

Finally, Defendant asks the Court to consider that "several District Court rulings" have held that § 922(g) is unconstitutional. (ECF No. 56 at 18.) Defendant refers to a 2023 District Court case from Mississippi and argues that "[p]ossessing a gun is a constitutional right under the Second Amendment." (*Id.*) However, the Supreme Court has held that § 922(g) is facially constitutional. *See United States v. Rahimi*, 602 U.S. 680 (2024). The Fourth Circuit Court of Appeals has also upheld the constitutionality of § 922(g)(1) against both facial and as applied challenges. *See United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024); *United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024). Accordingly, Defendant is unable to show an extraordinary and compelling reason for a reduction in sentence based on his argument that § 922(g) is unconstitutional.

C. **18 U.S.C. § 3553(a) Factors**

Defendant has failed to show an extraordinary and compelling reason warranting a reduction in sentence, and therefore the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction. However, the Court finds that even if an extraordinary and compelling reason existed, an analysis of the § 3553(a) factors would not support granting relief. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. §

9

3553(a). The Court weighs whether the nature of the offense, a defendant's personal history, the sentence relative to the nature and seriousness of his offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide a defendant with effective rehabilitative circumstances, the need to avoid sentencing disparity, and other sentencing considerations weigh in favor of relief. *See id.* A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d).

The Court recognizes that Defendant was convicted when he was only 21 years old and has spent more than seven and half years in prison for the current offense. (ECF No. 61-2 at 2.) The Court also recognizes, and appreciates, that Defendant has taken steps towards rehabilitation including earning his GED, completing numerous BOP courses, and participating in programs to address his trauma and mental health issues. (ECF No. 56-1 at 6-30.) Nonetheless, a consideration of the § 3553(a) factors overall in his case weighs against a reduction of sentence.

Defendant, who was sentenced to 180 months of imprisonment, received a sentence at the low end of his applicable guideline range. (ECF No. 22 at 23.) Currently, he has served just over half of that sentence. Despite his young age at the time of the offense, Defendant already had a substantial criminal record with numerous prior adult convictions, including convictions for felony second degree burglary, felony larceny, and more than 10 counts of felony breaking and entering. (ECF No. 22, ¶¶ 28-35.) In one offense Defendant broke into an occupied residence during the nighttime, and in another crime, he used a knife to assault a victim, grabbing her by the throat as he attempted to rob her. (*Id.*, ¶¶ 26, 30.) Many of

Defendant's crimes, including his current offense, were committed while on probation for prior offenses, (*see id.*, ¶¶ 28-34, 37), showing that periods of incarceration and probation have done little to deter additional criminal behavior. Consequently, the Court concludes that Defendant's sentence is "sufficient, but not greater than necessary" to serve the goals of sentencing. Any lesser sentence would not protect the public, promote respect for the law, or afford adequate deterrence. *See* 18 U.S.C. § 3553(a)(2).

Accordingly, for the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Reduce Sentence re Compassionate Release, (ECF No. 56), is **DENIED**.

This, the 2nd day of December 2025.

/s/ Loretta C. Biggs
Senior United States District Judge